■ LUIS COQUE, Respondent, v WILDFLOWER ESTATES DEVELOPERS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, and CLASSIC CONSTRUCTION, Appellant. CITY WIDE BUILDING CORP., Third-Party Defendant-Appellant-Respondent. (And Another Third-Party Action.) [818 NYS2d 546]—

In an action to recover damages for personal injuries, (1) the defendant Classic Construction appeals (a), as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated October 9, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted against it and granted those branches of the cross motion of the defendant third-party plaintiff which were for summary judgment on that party's cross claims for contractual and common-law indemnification insofar as asserted against it and (b), as limited by its brief, from so much of an order of the same court (Schulman, J.) dated April 30, 2004, as denied its cross motion for leave to reargue those branches of the cross motion of the defendant third-party plaintiff which were for summary judgment on that party's cross claims for contractual and common-law indemnification insofar as asserted against it; (2) the third-party defendant appeals (a), as limited by its brief, from so much of the order dated October 9, 2003, as granted the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and granted that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment on the third-party cause of action for contractual indemnification and (b) from so much of the order dated April 30, 2004, as denied its cross motion for leave to reargue that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment on the third-party cause of action for contractual indemnification; and (3) the defendant third-party plaintiff cross-appeals (a), as limited by its brief, from so much of the order dated October 9, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted against it, in effect, denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as it seeks recovery for lost wages, and denied that branch of its motion which was for summary judgment on its third-party cause of action for common-law indemnification and

(b) from so much of the order dated April 30, 2004, as, upon reargument, in effect, adhered to the original determination denying that branch of its cross motion which was for summary judgment dismissing the complaint insofar as it seeks recovery for lost wages and denied that branch of its motion which was for leave to renew that branch of its cross motion which was for summary judgment on its third-party cause of action for common-law indemnification. Justice Howard Miller has been substituted for former Justice Sondra Miller (see 22 NYCRR 670.1 [c]).

Ordered that the cross appeal from so much of the order dated October 9, 2003, as, in effect, denied that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment dismissing the complaint insofar as it seeks recovery for lost wages is dismissed, as that portion of the order was superseded by so much of the order dated April 30, 2004 as was made upon reargument; and it is further,

Ordered that the appeals from the order dated April 30, 2004 are dismissed, as no appeals lie from an order denying reargument; and it is further,

Ordered that the order dated October 9, 2003 is modified, on the law, by (1) deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of the liability of the defendant Classic Construction pursuant to Labor Law § 240 (1) and substituting therefor a provision denying that branch of the motion and (2) deleting the provision thereof granting those branches of the cross motion of the defendant third-party plaintiff which were for summary judgment on its cross claims for contractual and common-law indemnification against the defendant Classic Construction and for summary judgment on its third-party cause of action for contractual indemnification and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as reviewed and, upon searching the record, summary judgment is awarded to the defendant Classic Construction dismissing the cause of action based on Labor Law § 240 (1) insofar as asserted against it; and it is further,

Ordered that the order dated April 30, 2004 is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, the defendant Classic Construction, and the third-party defendant, payable by the defendant third-party plaintiff.

The defendant third-party plaintiff, Wildflower Estates Developers, Inc. (hereinafter Wildflower), owned real property

where it was building a group of town houses. Wildflower hired the third-party defendant, City Wide Building Corp. (hereinafter City Wide), to perform carpentry work and hired the defendant Classic Construction (hereinafter Classic) to perform roofing work. The plaintiff, an undocumented alien, was an employee of City Wide. While standing on a makeshift scaffold, constructing a staircase between the second and third floors inside one of the new townhouses, the plaintiff was struck by a package of shingles that fell from the roof through an opening created for a skylight. The impact caused the scaffold to collapse, and the plaintiff fell to the basement, resulting in severe and permanent injuries. The plaintiff commenced this action against Wildflower and Classic, asserting causes of action based on common-law negligence and violations of the Labor Law. In a cross claim against Classic, and in a third-party action against City Wide, Wildflower sought contractual and common-law indemnification.

The Supreme Court properly, upon reargument, in effect, adhered to its determination denying that branch of Wildflower's cross motion which was for summary judgment dismissing the complaint insofar as it seeks recovery for lost wages. Contrary to Wildflower's contention, an award of damages for lost wages is not preempted by federal immigration policy, as expressed in the Immigration Reform and Control Act (8 USC § 1324a *et seq.*) and in *Hoffman Plastic Compounds, Inc. v NLRB* (535 US 137 [2002]), by virtue of the plaintiff's status as an undocumented alien (*see Balbuena v IDR Realty LLC,* 6 NY3d 338 [2006]). While an undocumented alien may be precluded from recovering damages for lost wages if he or she obtained employment by submitting false documentation to the employer (*see Balbuena v IDR Realty LLC, supra* at 362-363), the evidence submitted by Wildflower in support of its cross motion failed to demonstrate the absence of a triable issue of fact as to whether the plaintiff did so in this case (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of Wildflower's liability pursuant to Labor Law § 240 (1). A worker at a construction site is entitled to judgment as a matter of law against an owner under Labor Law § 240 (1) where, as here, "the furnished protective devices fail to prevent a foreseeable external force from causing a worker to fall from an elevation" (*Cruz v Turner Constr. Co.,* 279 AD2d 322 [2001]; *see Alomia v New York City Tr. Auth.,* 292 AD2d 403 [2002]; *Spaulding v Metropolitan Life Ins. Co.,* 271 AD2d 316 [2000]). More-

over, the package of shingles that struck the plaintiff, which had been stacked together with other packages on the sloped roof of the building, was part of "a load that required securing" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001]; *see Orner v Port Auth. of N.Y. & N.J.,* 293 AD2d 517 [2002]; *Outar v City of New York,* 286 AD2d 671 [2001], *affd* 5 NY3d 731 [2005]). The evidence in the record established that the packages were not secured and that one of them fell through the skylight opening and struck the plaintiff, causing the wooden planks on which he was standing to break. Thus, the plaintiff's alleged failure to use more planks to create a wider surface on which to stand was not the sole proximate cause of the accident (*see Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]; *Iannelli v Olympia & York Battery Park Co.,* 190 AD2d 775 [1993]; *cf. Plass v Solotoff,* 5 AD3d 365 [2004]).

The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of Classic's liability pursuant to Labor Law § 240 (1). A prime contractor hired for a specific project is subject to liability under Labor Law § 240 as a statutory agent of the owner or general contractor only if it has been "delegated the . . . work in which plaintiff was engaged at the time of his injury," and is therefore "responsible for the work giving rise to the duties referred to in and imposed by [the statute]" (*Russin v Louis N. Picciano & Son,* 54 NY2d 311, 318 [1981]). As the Supreme Court correctly noted, Classic had "the authority to supervise and control the area and the activity which precipitated plaintiff's accident." However, the nondelegable liability imposed by Labor Law § 240 (1) attaches only to a contractor that has the authority to supervise or control the particular work in which the plaintiff was engaged at the time of his injury (*see Kwoksze Wong v New York Times Co.,* 297 AD2d 544 [2002]; *Sabato v New York Life Ins. Co.,* 259 AD2d 535 [1999]; *Velez v Tishman Foley Partners,* 245 AD2d 155 [1997]; *D'Amico v New York Racing Assn.,* 203 AD2d 509 [1994]). The evidence established as a matter of law that Classic had no authority to supervise or control the work being performed by the plaintiff at the time of his accident. Accordingly, upon searching the record, we award summary judgment to Classic dismissing the cause of action based on Labor Law § 240 (1) insofar as asserted against it (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106 [1984]).

The Supreme Court properly denied that branch of Wildflower's cross motion which was for summary judgment on its common-law indemnification cause of action against City Wide,

since Wildflower did not demonstrate, "through competent medical evidence," that the plaintiff sustained a "grave injury" (Workers' Compensation Law § 11; *see Ibarra v Equipment Control,* 268 AD2d 13, 17 [2000]). The court should have also denied that branch of Wildflower's cross motion which was for summary judgment on its contractual indemnification cause of action against City Wide, since Wildflower did not establish, as a matter of law, that the plaintiff's accident resulted from a negligent or wrongful act or omission by City Wide, as required by the indemnification clause of Wildflower's contract with City Wide.

Summary judgment on a claim for common-law indemnification "is appropriate only where there are no issues of material fact concerning the precise degree of fault attributable to each party involved" (*La Lima v Epstein,* 143 AD2d 886, 888 [1988]; *see Perri v Gilbert Johnson Enters., Ltd.,* 14 AD3d 681, 685 [2005]; *Hernandez v Two E. End Ave. Apt. Corp.,* 303 AD2d 556, 557-558 [2003]; *Freeman v National Audubon Socy.,* 243 AD2d 608, 609 [1997]; *Young v Casabonne Bros.,* 145 AD2d 244, 247-248 [1989]). Thus, since the issue of City Wide's negligence, if any, remained unresolved, the Supreme Court acted prematurely in granting that branch of Wildflower's cross motion which was for summary judgment on its common-law indemnification claim against Classic.

To be entitled to indemnification, Wildflower was required to demonstrate that no negligent act or omission on its part contributed to the plaintiff's injuries, and that its liability is therefore purely vicarious (*see* General Obligations Law § 5-322.1 [1]; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786 [1997]; *Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.,* 10 AD3d 493 [2004]; *Carriere v Whiting Turner Contr.,* 299 AD2d 509, 511 [2002]; *Reynolds v County of Westchester,* 270 AD2d 473 [2000]; *Correia v Professional Data Mgt.,* 259 AD2d 60 [1999]). Since the unsecured shingles on the roof constituted a dangerous condition, which was at least a contributing cause of the plaintiff's injuries, Wildflower could be found negligent if it had actual or constructive notice of the condition, even if it did not have the authority to supervise or control the plaintiff's work (*see Whitaker v Norman,* 75 NY2d 779, 782 [1989]; *Giglio v St. Joseph Intercommunity Hosp.,* 309 AD2d 1266, 1267, 1268 [2003]; *Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709, 712-713 [2000]; *Johnson v Packaging Corp. of Am.,* 274 AD2d 627, 629 [2000]; *cf. Lombardi v Stout,* 80 NY2d 290, 294-295 [1992]). The evidence presented in opposition to Wildflower's motion showed that the unsecured shingles

on the roof were plainly visible to Wildflower's project manager, its safety director, and its other employees at the construction site, even from the ground, thus raising a triable issue of fact as to whether Wildflower had at least constructive notice of the dangerous condition. That factual issue required the denial of summary judgment on Wildflower's contractual indemnification claim against Classic, as well as all of its other contractual and common-law indemnification claims (*see Priestly v Montefiore Med. Ctr./Einstein Med. Ctr., supra; Correia v Professional Data Mgt., supra* at 65).

The parties' remaining contentions are without merit. Prudenti, P.J., Miller, Ritter and Goldstein, JJ., concur.