■ FRANKLIN BALBUENA, Respondent, v NEW YORK STOCK EXCHANGE, INC., Appellant-Respondent, and REGIONAL SCAFFOLDING & HOISTING CO., INC., et al., Respondents-Appellants. [853 NYS2d 330]—

---

NYSE hired nonparty construction manager AMEC to oversee a renovation of its premises; AMEC contracted with Regional to design and erect a scaffold; Regional subcontracted with B & C to physically erect and dismantle the scaffold. During the dismantling process, after removal of protective railing and certain steel wiring, plaintiff, an employee of AMEC, used the scaffold to wash down internal walls, and fell when a plank, no longer properly secured, overturned.

No issues of fact exist as to NYSE's liability under Labor Law § 240 (1). The record establishes that NYSE and AMEC knew that the scaffold was in the process of being dismantled and was unsafe, and contains compelling, perhaps conclusive, evidence that plaintiff was instructed by his supervisor to use the scaf-

fold in washing down the walls. There is no evidence that any warning signs were posted, or that plaintiff was informed or otherwise knew that the scaffold was being dismantled, instructed not to use it, or given or instructed to use any safety equipment (*cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]). The court thus properly held that NYSE failed to meet its burden of establishing triable issues of fact that plaintiff's actions were the sole proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]). There is no merit to NYSE's argument that plaintiff is solely to blame for the accident because he did not request safety equipment.

Regional designed the scaffold, but subcontracted with B & C to erect and dismantle it. As there are no allegations of design defect, and no evidence that Regional exercised supervisory control over the dismantling process, the court properly dismissed plaintiff's claims as against it.

The motion court erred, however, in denying NYSE's and Regional's cross motions for summary judgment on their respective cross claims for contractual indemnification. Although the court properly found that both parties had established a contractual right to indemnity and a lack of negligence, it incorrectly found issues of fact regarding whether plaintiff's injury arose out of, resulted from or was incidental to the work required under the relevant contracts, i.e., the erection and dismantling of the scaffold. To the contrary, the record indisputably shows that plaintiff's injury was caused, at least in part, by his presence on the partially dismantled scaffold. Thus, under any fair reading of the subject indemnity provisions, plaintiff's injury either arose out of, was incidental to, or resulted from, the work of erecting or dismantling the scaffold. Contrary to Regional's and B & C's argument, it is not necessary that plaintiff himself be actively engaged in the type of work covered by the indemnity contract in order for such injury to fall within this broadly worded indemnification provision (*Urbina v 26 Ct. St. Assoc., LLC*, 46 AD3d 268, 271 [2007] [lessee entitled to contractual indemnification from drywall contractor where plaintiff's injury "arose out of" drywall contractor's work, even though plaintiff was performing electrical work at time of injury]).

Although the court viewed the remaining Labor Law claims as academic, and did not consider them, we modify to dismiss them. There is no evidence that NYSE had the supervisory control over the injury-producing activity necessary to support a finding of liability for common-law negligence or under Labor

Law § 200 (*Scott v American Museum of Natural History*, 3 AD3d 442, 443 [2004]). Nor were there any valid allegations of a violation of the Industrial Code necessary to support a claim under Labor Law § 241 (6).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Gonzalez, Sweeny and Catterson, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered on November 1, 2007 (45 AD3d 279 [2007]) recalled and vacated and a new decision and order substituted therefor.