■ FRANK CALLAN et al., Appellants-Respondents, v STRUCTURE TONE, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. ATLAS-ACON ELECTRIC SERVICES CORP., Third-Party Defendant-Respondent. [860 NYS2d 62]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 30, 2007, which denied so much of defendant's motion for summary judgment dismissing claims under Labor Law § 200 and for common-law negligence, and on

its claims for contractual indemnification and breach of contract as against third-party defendant; granted defendant's motion and third-party defendant's cross motion for summary judgment dismissing plaintiffs' Labor Law § 240 (1) claim; and denied plaintiffs' cross motion for partial summary judgment on the section 240 (1) claim, unanimously modified, on the law, so much of defendant's motion and third-party defendant's cross motion for summary judgment on the section 240 (1) claim denied, plaintiffs' cross motion for summary judgment on that claim granted, and otherwise affirmed, without costs.

Plaintiff worker, an electrician employed by third-party defendant subcontractor, was injured while installing ceiling lights over a weekend in an unventilated room where the temperature was estimated at over 100 degrees; he became dizzy from the heat, then nauseous, and fell from near the top of a 10-foot ladder. The worker recalled that as he attempted to reach down to grab hold of the ladder to stabilize himself, the ladder wobbled, he passed out, and both he and the ladder toppled over. Defendant was the general contractor at the work site, and deposition testimony of its project foreman corroborated the worker's testimony that prior complaints of excessive heat during weekend duty had gone unheeded. The unrefuted evidence of excessively hot work conditions, of which defendant had notice and control; the foreseeable consequence to workers who might suffer heat-related physical symptoms under such circumstances; and the lack of proper safety equipment afforded to elevated workers in light of these conditions, provided a basis for finding defendant strictly liable under Labor Law § 240 (1) (*Arce v 1133 Bldg. Corp.*, 257 AD2d 515 [1999]; *see also Cruz v Turner Constr. Co.*, 279 AD2d 322 [2001]). As evidence existed to raise triable issues whether defendant maintained a safe workplace as the general contractor, it was properly denied summary judgment on plaintiffs' claims under section 200 and common-law negligence (*see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]).

Triable issues of fact also preclude summary judgment on defendant's third-party claim for contractual indemnification as against plaintiff worker's employer. While the parties incorporated saving language in the indemnification clause to permit partial indemnification in the event defendant were found partly negligent for causing the worker's injury, there are issues of fact as to the extent of defendant's liability for causing the worker's injury (*see e.g. Barraco v First Lenox Terrace Assoc.*, 25 AD3d 427 [2006]). Since defendant could be found 100% liable for the worker's injury, there is no basis for granting sum-

mary judgment on its claim for full or partial contractual indemnification at this juncture. Third-party defendant's cross motion for summary judgment on the contractual indemnification claim was also properly denied, as there was evidence of its possible negligence in not providing fans that were requested; furthermore, even absent negligence on its part, the broad language of the indemnification clause subjected it to liability (*see Correia v Professional Data Mgt.*, 259 AD2d 60 [1999]). Issues as to the subcontractor's alleged duty to defend any claims arising out of the subcontract, and whether it procured the insurance coverage required thereunder, are now pending in a separate declaratory judgment action, and need not be reached at this juncture. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ.