■ ANDREA RODRIGUEZ et al., Respondents, v HUDSON VIEW ASSOCIATES, LLC, et al., Appellants. [883 NYS2d 245]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered April 23, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Andrea Rodriguez (hereinafter the plaintiff) slipped and fell in the lobby of the building where she was employed, allegedly as a result of water which had accumulated on the tile floor. The plaintiff testified at her deposition that

"[a] lot" of rain was falling that morning, and that there were no mats or rugs on the lobby floor. After the plaintiff and her husband, suing derivatively, commenced this action, the defendants moved for summary judgment dismissing the complaint on the ground that they neither created nor had actual or constructive notice of the hazardous condition.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie case that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008] [internal quotation marks omitted]). Here, the defendants failed to meet their burden. Although they submitted the deposition testimony of their property manager and the plaintiff in support of their motion, they offered no evidence as to when the lobby floor was last inspected prior to the plaintiff's accident (*see Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Mancini v Quality Mkts.*, 256 AD2d 1177 [1998]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.