■ Diana Aragundi, Respondent, v Tishman Realty & Construction Co., Inc., et al., Defendants and Third-Party Plaintiffs-Appellants. Graham Restoration Co., Inc., Third-Party Defendant; ABM Maintenance, Third-Party Defendant-Respondent. [891 NYS2d 462]—

The plaintiff allegedly was injured when she fell down a flight of steps while descending to a subway station. She alleges that her injuries were caused by a loose handrail. The plaintiff commenced the instant action against the building lessee Dream Team Associates, LLC, and the property manager Tishman Realty & Construction Co., Inc. (hereinafter together the defendants). The defendants commenced separate third-party actions against, among others, ABM Maintenance (hereinafter ABM), which was responsible for cleaning services for the subway entrance, asserting causes of action for contractual indemnification, common-law indemnification, and contribution, and, in effect, to recover damages for breach of contract for failure to procure insurance.

The defendants moved, inter alia, for summary judgment dismissing the complaint on the ground that they did not create or have notice of the allegedly dangerous condition. ABM then

cross-moved for summary judgment dismissing the third-party and second-third party causes of action insofar as asserted against it. The Supreme Court denied the defendants' motion and granted ABM's cross motion. We modify.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008] [internal quotation marks omitted]). Here, the defendants failed to meet their initial burden. Although the defendants submitted the deposition testimony of their property manager and the plaintiff in support of their motion, they offered no evidence as to when the handrail was last inspected prior to the plaintiff's accident, when inspections were normally made, or when prior problems with the handrail, if any, were reported (*see Rodriguez v Hudson View Assoc., LLC,* 63 AD3d 1135 [2009]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Additionally, "[a] party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with" (*Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership,* 304 AD2d 738 [2003]; *see McGill v Polytechnic Univ.,* 235 AD2d 400 [1997]). Since ABM demonstrated that it complied with the insurance procurement clause, the Supreme Court did not err in granting that branch of ABM's cross motion which was for summary judgment dismissing the causes of action, in effect, to recover damages for breach of contract insofar as asserted against it (*see Kinney v Lisk Co.,* 76 NY2d 215 [1990]; *Lima v NAB Constr. Corp.,* 59 AD3d 395 [2009]).

However, the Supreme Court erred in granting that branch of ABM's cross motion which was for summary judgment dismissing the causes of action for contractual indemnification insofar as asserted against it. ABM failed to establish its entitlement to judgment as a matter of law dismissing these causes of action, since there were triable issues of fact as to the extent, if any, of its liability for causing the plaintiff's injury (*see Callan v Structure Tone, Inc.,* 52 AD3d 334 [2008]).

Further, the Supreme Court improperly granted that branch of ABM's cross motion which was for summary judgment

dismissing the causes of action for common-law indemnification insofar as asserted against it, since an award of summary judgment on a claim for common-law indemnification is appropriate only where there are no triable issues of fact concerning the degree of fault attributable to the parties (*see Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 489 [2006]; *La Lima v Epstein*, 143 AD2d 886, 888 [1988]). Here, issues of fact remain with respect to the negligence, if any, of ABM and the defendants.

Moreover, the Supreme Court erred in granting that branch of ABM's cross motion which was for summary judgment dismissing the causes of action for contribution insofar as asserted against it. Pursuant to CPLR 1401, "two or more persons who are subject to liability for damages for the same personal injury . . . may claim contribution among them." The injury allegedly caused by the defendants' negligence is the same injury as that allegedly caused by the negligence of ABM (*see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599 [1988]). As there are issues of fact as to who was responsible for the accident, an award of summary judgment dismissing the contribution causes of action was not appropriate. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.