██ KERI KIELTY, Plaintiff, v AJS CONSTRUCTION OF L.I., INC., et al., Defendants/Third-Party Plaintiffs-Appellants, NY CONSTRUCTION & PAVING, INC., Defendant/Third-Party Defendant-Respondent-Appellant, and MRP FAMILY HOLDINGS, LLC, Respondent, et al., Defendant. [922 NYS2d 467]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs, AJS Construction of L.I., Inc., and AJS Construction & Project Management, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated March 19, 2010, as granted that branch of the motion of the defendant MRP Family Holdings, LLC, which was for summary judgment on its cross claims against them for common-law and contractual indemnification, and denied their motion for summary judgment on their third-party cause of action for common-law indemnification against the defendant/third-party defendant, NY Construction & Paving, Inc., and the defendant/third-party defendant, NY Construction & Paving, Inc., separately appeals, as limited by its notice of appeal and brief, from so much of the same order as granted that branch of the motion of the defendant MRP Family Holdings, LLC, which was for summary judgment on that defendant's cross claim against it for common-law indemnification.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant MRP Family Holdings, LLC, which was for summary judgment on its cross claim against the defendants/third-party plaintiffs, AJS Construction of L.I., Inc., and AJS Construction & Project Management, Inc., for common-law and contractual indemnification, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant MRP Family Holdings, LLC, which was for summary judgment on its cross claim against the defendant/third-party defendant, NY Construction & Paving, Inc., for common-law indemnification, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as

appealed from, with one bill of costs to the defendant/third-party defendant, NY Construction & Paving, Inc., payable by the defendants/third-party plaintiffs, AJS Construction of L.I., Inc., and AJS Construction & Project Management, Inc., and one bill of costs to the defendants/third-party plaintiffs, AJS Construction of L.I., Inc., and AJS Construction & Project Management, Inc., payable by the defendant MRP Family Holdings, LLC.

The Supreme Court should have denied those branches of the motion of the defendant MRP Family Holdings, LLC (hereinafter MRP), which were for summary judgment on its cross claims against the defendant/third-party defendant, NY Construction & Paving, Inc. (hereinafter together NY Construction), for common-law indemnification, and against the defendants/third-party plaintiffs AJS Construction of L.I., Inc., and AJS Construction & Project Management, Inc. (hereinafter AJS), for common-law and contractual indemnification. To be entitled to common-law indemnification, MRP was required to show that it was not negligent and that the parties from which it sought indemnification were negligent in connection with the plaintiff's accident (*see George v Marshalls of MA, Inc.*, 61 AD3d 925, 929-930 [2009]) or, in the absence of any negligence by those parties, that those parties had the authority to direct, supervise, and control the work giving rise to the injury (*see Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875 [2006]). MRP had to show that it neither created the dangerous condition nor had actual or constructive notice of the dangerous condition (*see Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]; *Battaglia v Toys "R" Us*, 271 AD2d 627, 629 [2000]; *see also Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Moreover, an award of summary judgment on a cause of action for common-law indemnification is appropriate only where there are no triable issues of fact concerning the degree of fault attributable to the parties (*see Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d 1027, 1030 [2009]; *Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 489 [2006]).

MRP, as the owner of the parking lot in which the plaintiff fell, had the initial burden of showing that it neither created nor had actual or constructive notice of the allegedly defective condition that caused the accident (*see Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673 [2007]; *Miguel v SJS Assoc., LLC*, 40 AD3d 942 [2007]; *Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 756 [2004]). Here, MRP did not establish, prima facie, that it lacked actual notice of the allegedly defective condition. In addition, MRP failed to meet its initial burden of demonstrating

that it did not have constructive notice of the allegedly dangerous condition as a matter of law (*see Gordon v American Museum of Natural History*, 67 NY2d at 837; *Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d at 1030; *Rodriguez v Hudson View Assoc., LLC*, 63 AD3d 1135, 1136 [2009]). Moreover, MRP failed to eliminate all triable issues of fact regarding its own negligence (*see Bryde v CVS Pharmacy*, 61 AD3d 907, 909 [2009]; *Coque v Wildflower Estates Devs., Inc.*, 31 AD3d at 489; *see also Knapp v Golub Corp.*, 72 AD3d 1260 [2010]).

As to MRP's cross claim against AJS for contractual indemnification, the right to contractual indemnification depends upon the specific language of the contract (*see Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 742-743 [2009]; *George v Marshalls of MA, Inc.*, 61 AD3d at 930). Here, MRP's contract with AJS provided that, "[t]o the fullest extent permitted by law," AJS was required to indemnify MRP with respect to all claims arising from work performed by AJS or by a subcontractor of AJS, but only to the extent the injury or damage was caused by AJS or its subcontractor. MRP failed to demonstrate its prima facie entitlement to judgment as a matter of law on its contractual indemnification cross claim against AJS because there are triable issues of fact as to the extent, if any, of MRP's negligence in connection with the plaintiff's accident (*see Callan v Structure Tone, Inc.*, 52 AD3d 334, 335 [2008]; *see generally Brooks v Judlau Contr., Inc.*, 11 NY3d 204 [2008]).

The Supreme Court properly denied AJS's motion for summary judgment on its third-party cause of action against NY Construction for common-law indemnification. Although AJS established, prima facie, that it lacked actual notice of the allegedly defective condition, AJS failed to meet its burden in showing that it lacked constructive notice of the allegedly defective condition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *see Gordon v American Museum of Natural History*, 67 NY2d at 837). Moreover, AJS failed to eliminate all triable issues of fact regarding its negligence, if any, in causing the plaintiff's injury (*see Aragundi v Tishman Realty & Constr. Co., Inc.*, 68 AD3d at 1030; *Bryde v CVS Pharmacy*, 61 AD3d at 909; *Coque v Wildflower Estates Devs., Inc.*, 31 AD3d at 489; *see also Knapp v Golub Corp.*, 72 AD3d 1260 [2010]). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30604(U).]**