■ ROBERT KITTELSTAD et al., Appellants-Respondents, v LOSCO GROUP, INC., Defendant, CLEAN AIR QUALITY SERVICE, INC., Respondent-Appellant, and JACOBS FACILITIES INC., Respondent. CLEAN AIR QUALITY SERVICE, INC., Third-Party Plaintiff-Respondent-Appellant, v CAMPBELL INSULATION CORP., Third-Party Defendant-Respondent. [939 NYS2d 382]—

Neither Jacobs nor Clean Air conclusively demonstrated that it was not a statutory agent of the property owner (the State) under Labor Law § 240 (1) and § 241 (6) (see *Walls v Turner Constr. Co.*, 4 NY3d 861 [2005]; *Barraco v First Lenox Terrace Assoc.*, 25 AD3d 427 [2006]). Jacobs contends that defendant Losco Group was the general contractor. However, that issue cannot be determined conclusively on this record. Indeed, there are indications in the project meeting minutes that Losco bore no responsibility for HVAC work. While Jacobs's contract with the State did not contain an explicit agency provision, Jacobs's contractual obligations with respect to oversight of the work were comprehensive. It was required to monitor the individual performance of each trade contractor, coordinate work between the trades, and "resolve disputes." At the peak of the project, Jacobs had six employees, including three on-site inspectors, each with his own trade specialty. Jacobs's superintendent conceded that he had the authority to address unsafe conditions, to stop work if there was an "imminent dangerous situa-

tion," and otherwise to report unsafe conditions to the trade foremen.

Clean Air retained the authority under its subcontract with Campbell, the HVAC insulation subcontractor and the injured plaintiff's employer, to order Campbell to stop work if it was engaging in unsafe practices, to make changes, additions or omissions in Campbell's work, and to demand that Campbell remedy defective, unsound or improper work. It had nearly unfettered authority to remove a Campbell employee and bar the employee from the project. The record shows moreover that Campbell did not attend site safety meetings with the other trades; it only attended the meetings run by Clean Air. This evidence establishes that Clean Air had supervisory authority over Campbell (*see Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 193 [2011]). Clean Air argues that its contract with the State did not give it any authority to exercise control over other independent contractors at the site. However, the portions of the contract that it submitted—which do not include the scope of work—fail to raise an issue of fact as to its supervisory authority over Campbell.

Industrial Code (12 NYCRR) § 23-1.7 (b) is sufficiently specific to support a Labor Law § 241 (6) claim, and is applicable to the facts of this case (*see e.g. Gallagher v Levien & Co.*, 72 AD3d 407 [2010]; *Keegan v Swissotel N.Y.*, 262 AD2d 111, 113-114 [1999], *lv dismissed* 94 NY2d 858 [1999]).

Both plaintiff and his supervisor testified that the only way to reach the pipes that needed to be insulated was to walk across the air handler unit, which included walking over planks covering a two-foot-by-three-foot area of the unit where the duct work was not complete. In light of this testimony, defendants' argument that plaintiff was either a recalcitrant worker or the sole proximate cause of his own accident are without merit.

There is a question of fact as to whether Clean Air created the dangerous condition in the air handler unit, or whether it had notice of the condition. Thus, the Labor Law § 200 and common-law negligence causes of action should not have been dismissed as against it (*see Torkel v NYU Hosps. Ctr.*, 63 AD3d 587, 591-592 [2009]).

Based on our disposition of the Labor Law § 200 and common-law negligence causes of action, Clean Air is not entitled to summary judgment on its cause of action for contractual indemnification against Campbell (*see Callan v Structure Tone, Inc.*, 52 AD3d 334, 335 [2008]). Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.
**[Prior Case History: 29 Misc 3d 1236(A), 2010 NY Slip Op 52169(U).]**