■ STANIMIR NENADOVIC, Respondent, v P.T. TENANTS CORP. et al., Appellants, et al., Defendants. (And Another Action.) STANIMIR NENADOVIC, Respondent, v P.T. TENANTS CORP. et al., Appellants, and LIRO PROGRAM AND CONSTRUCTION MANAGEMENT, P.C., et al. Respondents. PARK TERRACE GARDENS, INC., et al., Third-Party Plaintiffs v A TECH ENVIRONMENTAL RESTORATION, INC., Third-Party Defendant-Respondent. (And Other Actions.) [942 NYS2d 474]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 11, 2011, which denied defendant Liro Program and Construction Management, P.C.'s motion to renew plaintiff Stanimir Nenadovic's motion for partial summary judgment on his Labor Law § 240 (1) claim, and granted plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim as against Liberty Architectural Products Co., Inc., unanimously affirmed, without costs. Order, same court and Justice, entered January 11, 2011, which denied defendant P.T. Tenants Corp.'s motion to renew plaintiff's motion, unanimously affirmed, without costs. Order, same court and Justice, entered September 19, 2011, which, insofar as appealed from as limited by the briefs, denied defendants P.T. Tenants Corp. and Prudential & Douglas Elliman's motion for summary judgment on their claims for contractual indemnification, common-law indemnification and breach of contract as against defendants Liro and Liberty and third-party defendant A-Tech Environmental Restoration, Inc., and for summary judgment dismissing plaintiff Nenadovic's Labor Law §§ 200 and 241 (6) and common-law negligence claims as against them, unanimously affirmed, without costs.

Plaintiff demonstrated prima facie entitlement to summary judgment on his Labor Law § 240 (1) claim as against the property owner (PT Corp), general contractor (Liro) and general construction contractor (Liberty) by evidence that plaintiff, an

employee of asbestos-removal contractor A-Tech, and his two co-workers, were assigned to work together on a 50-foot suspended scaffold that ultimately broke in two, causing them to sustain injuries (*see* Labor Law § 240 [1]; *see generally Williams v 520 Madison Partnership*, 38 AD3d 464 [2007]; *Balbuena v New York Stock Exch., Inc.*, 49 AD3d 374 [2008], *lv denied* 14 NY3d 709 [2010]). The burden having shifted, PT Corp, Liro and Liberty failed to present evidence demonstrating, at minimum, a factual issue whether plaintiff's fall was caused by other than a section 240 violation, or whether his conduct constituted the sole proximate cause of his injury (*see McCallister v 200 Park, L.P.*, 92 AD3d 927 [2012]; *La Veglia v St. Francis Hosp.*, 78 AD3d 1123 [2010]). Here, the evidence demonstrated, *inter alia*, that the defendant contractors were aware that the scaffold was indicated to have a two-man maximum capacity, that three workers (including plaintiff) were nonetheless assigned to work together from the scaffold, and that there was no other adequate safety equipment made available to the workers (*see e.g. Balbuena*, 49 AD3d 374; *Ramirez v Shoats*, 78 AD3d 515 [2010]). There was no evidence to indicate that the resulting injury to plaintiff was exclusively caused by his own willful or intentional acts (*see generally Tate v Clancy-Cullen Stor. Co.*, 171 AD2d 292 [1991]). The court's finding of liability under section 240 (1) was not premature in light of ongoing testing of the structural integrity of the scaffold, inasmuch as the evidence that plaintiff and his coworkers were instructed to man a scaffold that was inadequate for its purposes could not be altered, except by additional evidence that might inculpate other defendant contractors with negligence.

Liberty, as the only licensed rigger of the scaffolds on the job site, was properly found by the court to be a statutory agent for purposes of Labor Law § 240 (1), inasmuch as Liberty was the lone licensed authority on the project which, pursuant to applicable regulations, was under an obligation to supervise and control the conduct of the workers that manned the scaffolds (*see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]).

As issues on this record remain as to whether and to what extent each of the defendants might be negligent in having caused the scaffold to collapse, denial of PT Corp's motion for summary judgment on its contractual indemnification claim and its common law indemnification claim is warranted at this time (*see e.g. Callan v Structure Tone, Inc.*, 52 AD3d 334 [2008]; *Benedetto v Carrera Realty Corp.*, 32 AD3d 874 [2006]). To the extent PT Corp sought summary judgment on its breach of

contract claims as against Liro, Liberty and A-Tech for alleged failure to procure insurance naming it as an additional insured, such argument is premature, as against Liro, in light of a related declaratory judgment action pending on the issue (*see e.g. Callan*, 52 AD3d 334), or otherwise insufficiently pled in light of the absence of identifiable damages at this juncture (*see generally Greater N.Y. Mut. Ins. Co. v White Knight Restoration*, 7 AD3d 292 [2004]). That branch of PT Corp's motion that also sought summary judgment dismissing plaintiff's remaining claims under Labor Law §§ 200 and 241 (6), as well as common law negligence, was properly denied as negligence on the part of any party has yet to be established, including that of PT Corp, which faced evidence indicating a potentially unsafe premises for purposes of construction (*see generally Kittelstad v Losco Group, Inc.*, 92 AD3d 612 [2012]; *Linares v United Mgt. Corp.*, 16 AD3d 382 [2005]). Concur—Saxe, J.P., Sweeny, Moskowitz, Renwick and Abdus-Salaam, JJ.