Arias v Recife Realty Co., N.V. (2019 NY Slip Op 04269)





Arias v Recife Realty Co., N.V.


2019 NY Slip Op 04269


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9467 151686/13 590686/13 595306/15

[*1]Martha Arias, Plaintiff-Respondent,
v
Recife Realty Co., N.., et al., Defendants-Respondents, Theodore Williams Construction Co., LLC, Defendant-Appellant.
Theodore Williams Construction Co., LLC, Third-Party Plaintiff-Appellant,
v
Island Painting, Inc., Third-Party Defendant-Respondent. [And a Second Third-Party Action]


Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for appellant.
Saftler & Bacher, PLLC, New York (James W. Bacher of counsel), for Martha Arias, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Meredith Drucker Nolen of counsel), for Recife Realty Co., N.V. and Island Painting, Inc., respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered December 8, 2017, which denied defendant/third-party plaintiff's (defendant) motion for summary judgment dismissing the complaint and all claims against it and summary judgment on its indemnification claims against third-party defendant (Island Painting), unanimously affirmed, without costs.
Plaintiff, an evening cleaner in an office building, alleges that she was injured as a result of inhaling toxic fumes from a paint stripping product used by Island Painting, a subcontractor of defendant, during a renovation project in the building.
Defendant failed to establish prima facie that it did not have actual or constructive notice of the alleged dangerous condition of the premises in time to take corrective measures (see Sosa v 46th St. Dev. LLC, 101 AD3d 490, 493 [1st Dept 2012]; Kittelstad v Lesco Group, Inc., 92 AD3d 612 [1st Dept 2012]). Defendant submitted no evidence with respect to notice. However, there is evidence in the record that defendant had superintendents on site who oversaw the subcontractors' work and that defendant had a duty to notify and warn the building owner and its occupants of hazardous work undertaken on the project site so as to safeguard the building's occupants against exposure to such hazards. Thus, issues of fact exist as to whether defendant knew of the scheduled use of the paint stripper and of the product's toxicity and yet failed to [*2]warn the building owner and occupants to prevent harm to them. These issues of fact as to negligence also preclude summary judgment in defendant's favor on its claim for contractual indemnification by Island Painting (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 181 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK