Roblero v Bais Ruchel High Sch., Inc. (2019 NY Slip Op 06638)





Roblero v Bais Ruchel High Sch., Inc.


2019 NY Slip Op 06638


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-02422
2017-03183
 (Index No. 507818/14)

[*1]Cristian Roblero, etc., plaintiff-respondent, 
v
Bais Ruchel High School, Inc., defendant third-party plaintiff-appellant; ADD Plumbing, Inc., third-party defendant-respondent.


Cascone & Kluepfel (Carol F. Finocchio, New York, NY), for defendant third-party plaintiff-appellant.
Proner & Proner, New York, NY (Tobi R. Salottolo of counsel), for plaintiff-respondent.
Paul S. Zilberfein, White Plains, NY, for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from (1) an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 24, 2017, and (2) an order of the same court also dated February 24, 2017. The first order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The second order denied the defendant third-party plaintiff's motion for summary judgment dismissing the plaintiff's causes of action alleging a violation of Labor Law § 200 and common-law negligence, and for summary judgment on its third-party complaint.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff-respondent and defendant-respondent.
The plaintiff allegedly was injured when he fell from a scaffold of a building owned by the defendant third-party plaintiff, Bais Ruchel High School, Inc. (hereinafter Bais Ruchel). The plaintiff had been engaged in plumbing work pursuant to an agreement between his employer, the third-party defendant, ADD Plumbing, Inc. (hereinafter ADD Plumbing), and Bais Ruchel. The plaintiff was not wearing a harness or lanyard when he fell from the scaffold.
The plaintiff commenced this action against Bais Ruchel alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240(1). Bais Ruchel commenced a third-party action against ADD Plumbing seeking, among other things, contractual indemnification [*2]under their subcontract. After discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. Bais Ruchel separately moved for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and for summary judgment on its third-party complaint. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and denied Bais Ruchel's motion. Bais Ruchel appeals.
Under Labor Law § 240(1), owners and general contractors, and their agents, have a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; Probst v 11 W. 42 Realty Invs., LLC, 106 AD3d 711). To succeed on a cause of action under Labor Law § 240(1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287-288; Przyborowski v A & M Cook, LLC, 120 AD3d 651, 653). A worker's comparative negligence is not a defense to a claim under Labor Law § 240(1) and does not effect a reduction in liability (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 286; Garzon v Viola, 124 AD3d 715, 716-717). When, however, the worker's own conduct is the sole proximate cause of the accident, no recovery under Labor Law § 240(1) is available (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on his Labor Law § 240(1) cause of action by submitting evidence that he was not provided with necessary protection from the gravity-related risk of his work, and that the absence of the necessary protection was a proximate cause of his injuries (see Cruz v Cablevision Sys. Corp., 120 AD3d 744, 746). In opposition, Bais Ruchel failed to raise a triable issue of fact as to whether the plaintiff's own conduct was the sole proximate cause of his injuries (see Melchor v Singh, 90 AD3d 866, 869-870; cf. Bascombe v West 44th St. Hotel, LLC, 124 AD3d 812, 813). Therefore, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240(1) (see Cacanoski v 35 Cedar Place Assoc., LLC, 147 AD3d 810, 811-813).
We also agree with the Supreme Court's determination denying that branch of Bais Ruchel's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. Where, as here, a claim arises out of the means and methods of the work, a defendant may be held liable for common-law negligence or a violation of Labor Law § 200 "only if he or she had the authority to supervise or control the performance of the work'" (Forssell v Lerner, 101 AD3d 807, 808, quoting Ortega v Puccia, 57 AD3d 54, 61; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62).
Here, Bais Ruchel failed to establish, prima facie, that it did not have the authority to exercise supervision and control over the subject work, as it had a representative at the work site on a frequent basis who was responsible for job coordination and safety supervision. Although the representative testified at his deposition "that every subcontractor is responsible for all the safety matters," he also testified that he and his site superintendent would "urge" any of the subcontractors to comply with safety regulations if they "felt something was wrong." Under these circumstances, Bais Ruchel's submissions failed to eliminate all triable issues of fact as to whether it was acting as the general contractor and had the authority to supervise and control the manner in which the plaintiff performed his work (see Russin v Louis N. Picciano & Son, 54 NY2d at 316-317; Caban v Plaza Const. Corp., 153 AD3d 488, 490-491; Zupan v Irwin Contr., Inc., 145 AD3d 715, 717). As Bais Ruchel failed to meet its prima facie burden on this issue, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We also agree with the Supreme Court's denial of that branch of Bais Ruchel's motion which was for summary judgment on its third-party complaint. Bais Ruchel failed to demonstrate its prima facie entitlement to judgment as a matter of law on its causes of action for common-law and contractual indemnification and contribution against ADD Plumbing because there are triable issues of fact as to the extent, if any, of its own negligence in connection with the plaintiff's accident (see Kielty v AJS Const. of L.I., Inc., 83 AD3d 1004, 1006). Furthermore, issues pertaining to ADD Plumbing's alleged non-procurement of insurance coverage as required by its contract with Bais Ruchel are now pending in a separate declaratory judgment action, and need not be reached at this juncture (see Nenadovic v P.T. Tenants Corp., 94 AD3d 534, 535-536; Callan v Structure Tone, Inc., 52 AD3d 334, 336).
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court