Morelli Law Firm, PLLC v Perez (2024 NY Slip Op 00680)

Morelli Law Firm, PLLC v Perez

2024 NY Slip Op 00680

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Manzanet-Daniels, J.P., Kern, O'Neill Levy, Michael, JJ. 

Index No. 150661/22 595063/22 Appeal No. 1604 Case No. 2023-02743 

[*1]Morelli Law Firm, PLLC, Plaintiff-Appellant,
v
Mark Perez, Defendant-Respondent.
Mark Perez, Third-Party Plaintiff-Respondent,
v
Benedict Morelli, Third-Party Defendant-Appellant.

Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York (Debra L. Greenberger of counsel), for appellant.
Frankfurt Kurnit Klein & Selz, P.C., New York (Nicole I. Hyland of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered January 26, 2023, which, insofar as appealed from, denied the motion of plaintiff and third-party defendant to dismiss defendant's counterclaims and third-party claims for breach of contract and breach of fiduciary duty, unanimously modified, on the law, to grant the motion to dismiss the breach of fiduciary duty claim with leave to replead, and otherwise affirmed, without costs.
Contrary to plaintiff law firm's contention, defendant's prompt and repeated rejection of the purported engagement letter's terms precluded a finding as a matter of law at the pleading stage that defendant acquiesced or ratified the engagement letter (cf. John William Costello Assoc. v Standard Metals Corp., 99 AD2d 227, 231 [1st Dept 1984], appeal dismissed 62 NY2d 942 [1984]). Nor does the fact that plaintiff escrowed the disputed fee amount, as it was required to under the Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(b)(4), insulate it from a claim for breach of contract of the original retainer agreement.
The failure to pay the amounts allegedly agreed to constitutes a valid claim for breach of contract (see Morris v Zimmer, 2011 WL 5533339,*7, 2011 US Dist LEXIS 130919, *18-19 [SD NY, Nov. 10, 2011, No. 10 CV 4146(VB)]). The damages were not rendered speculative by the pendency of plaintiff's own declaratory judgment claim (cf. Nenadovic v P.T. Tenants Corp., 94 AD3d 534, 535-536 [1st Dept 2012]).
However, defendant has failed adequately to plead his breach of fiduciary claims. The basis for this claim is that plaintiff and third-party defendant failed to reveal to defendant certain settlement offers made in the underlying personal injury action. However, the only offers defendant identifies in the pleadings are all lower than the amount for which he settled. As such, he cannot show damages or causation as a result of the alleged concealment (see Besen v Farhadian, 195 AD3d 548, 550 [1st Dept 2021]).
Defendant does allege that his attorney failed "to communicate multiple settlement offers" to him. Defendant contends that this allegation includes prior offers that may ultimately have netted him more. In light of this allegation, and defendant's representation, the claim is dismissed with leave to replead such additional concealed offers.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024