Daniello v J.T. Magen & Co. Inc. (2026 NY Slip Op 01913)

Daniello v J.T. Magen & Co. Inc.

2026 NY Slip Op 01913

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Index No. 158947/19|Appeal No. 6244|Case No. 2025-02494|

[*1]Thomas Daniello, Plaintiff-Respondent,
vJ.T. Magen & Company Inc., et al., Defendants, 770 Broadway Owner LLC, et al., Defendants-Appellants.

L&K Partners, Inc., Third-Party Plaintiff-Respondent,
vUnited States Information Systems, Inc., et al., Third-Party Defendants-Appellants.

Katz & Rychik, P.C., New York (Abe M. Rychik of counsel), for appellants.
Nicoletti Hornig Namazi Eckert & Sheehan, New York (Jeremy A. Bernfeld of counsel), for L&K Partners, Inc., respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 21, 2025, which, to the extent appealed from as limited by the briefs, granted defendant/third-party plaintiff L&K Partners, Inc.'s motion for leave to reargue its prior motion for summary judgment against third-party defendant United States Information Systems, Inc. (USIS, Inc.) on its contractual and common-law indemnity claims, and, upon reargument, granted the motion, unanimously affirmed, with costs.
Contrary to USIS, Inc.'s argument, L&K's motion to reargue was not untimely, as it was a proper cross-motion to USIS, Inc.'s timely motion (see Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]). At any rate, even if L&K's motion to reargue were untimely, it was within the court's discretion to have reconsidered its prior ruling because "every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action" (Liss v Trans Auto Sys., Inc., 68 NY2d 15, 20 [1986]).
USIS, Inc's contention that L&K's motion for reargument was improper is unavailing. While L&K's papers included correspondences that had not been before the court on the original motion, they were offered as part of its opposition to USIS, Inc.'s motion to reargue, which unsuccessfully claimed that a federal declaratory judgment action was res judicata in this action.
USIS, Inc.'s argument that L&K is pursuing an insurance coverage disputed claim masquerading as an indemnity claim is unavailing. It is well settled that a party may pursue contractual indemnification in addition to seeking additional insured coverage from the indemnitor's insurer (see e.g. Lexington Ins. Co. v Kiska Dev. Group LLC, 182 AD3d 462, 464 [1st Dept 2020]). Here, L&K's contract with USIS, Inc. contained a valid indemnity clause, and that clause was triggered when plaintiff claimed injuries incurred in the course of his work for a subcontractor of USIS, Inc. (see Balbuena v New York Stock Exch., Inc., 49 AD3d 374, 376 [1st Dept 2008], lv denied 14 NY3d 709 [2010]; see also Daniello v J.T. Magen & Co. Inc., 239 AD3d 516, 517 [1st Dept 2025]). Accordingly, L&K now merely seeks to hold USIS, Inc., responsible at law for the benefit of its contractual bargain.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026