■ RICHARD WRIGHT, Respondent, v E.S. McCANN AND SON, INC., Respondent, and FIFTIETH STREET AND SIXTH AVENUE, INC., Appellant. E.S. McCANN AND SON, INC., Third-Party Plaintiff-Respondent, v NATIONAL ACOUSTICS, Third-Party Defendant-Respondent. E.S. McCANN AND SON, INC., Fourth-Party Plaintiff-Respondent, v FOREST ELECTRIC CO., Fourth-Party Defendant-Respondent. [628 NYS2d 70] —Order of the Supreme Court, Bronx County (Alan Saks, J.), entered December 16, 1993, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, to the extent herein appealed, the cross-motion by defendant-appellant Fiftieth Street and Sixth Avenue, Inc., now known as Rockefeller

Center North, Inc. ("Rock North") to amend its answer to assert cross-claims against co-defendant-respondent E.S. McCann and Son, Inc. ("McCann") granted and Rock North's cross-motion against National Acoustics granted to the extent that the cross-claims sought to be asserted against National Acoustics shall be deemed a third-party complaint.

Contrary to the view of the IAS Court, the circumstances presented here do not implicate the antisubrogation rule articulated in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465), *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281) and their progeny. The rule "provides that an insurance carrier cannot sue its own insured for the very risk for which the insured was covered. The critical issue, as exemplified by *North Star*, in ascertaining whether the antisubrogation rule applies is whether the policies issued by the same carrier for two or more insureds cover the same risk" (*State of New York v U.W. Marx Inc.*, 209 AD2d 784, 784-785).

Here, the owner Rock North is being represented pursuant to a separate insurance policy by counsel retained through a different insurance company (Continental Insurance Company), from either the contractor McCann or the subcontractor National Acoustics. McCann and National Acoustics are being afforded a defense and coverage from the same carrier (American Manufacturers Mutual Insurance Company ["AMMIC"]) pursuant to a policy purchased by National Acoustics. Although pursuant to the contract between Rock North and McCann and the subcontract between McCann and National Acoustics, Rock North should have been explicitly named as an additional insured on the policy National Acoustics procured from AMMIC, it was not.

There is a reading of National Acoustic's certificate of insurance from AMMIC which would arguably extend coverage under the AMMIC policy to Rock North. However, when Rock North requested a defense from AMMIC, AMMIC declined to afford it defense or coverage. No declaratory judgment action has been brought against AMMIC and we decline to speculate as to whether AMMIC is legally required to defend and cover Rock North. Thus, the respondents' argument that the proposed cross-claims would create a violation of the antisubrogation rule were AMMIC required to provide a defense to Rock North under National Acoustics' certificate of insurance is not properly before us.

The facts as they are (as opposed to as how they might be) do not present a situation where "the two policies are integrally related and indistinguishable from a single policy in any rele-

vant way" (*North Star Reins. Corp. v Continental Ins. Co.*, *supra*, at 295). Nor has any compelling public policy reason been articulated which compels application of the antisubrogation rule to these facts. Thus, owner Rock North should be permitted to assert its cross-claims against contractor McCann and subcontractor National Acoustics. Inasmuch as the contractor McCann's third-party action against subcontractor National Acoustics was properly dismissed because those two parties are insured for the same risk on the same AMMIC policy (a ruling not challenged on this appeal), Rock North's proposed cross-claims against National Acoustics should be deemed a third-party complaint. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ.