■ THOMAS SPAULDING et al., Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant and Third-Party Plaintiff-Appellant-Respondent. FRED GELLER ELECTRICAL, INC., Third-Party Defendant-Respondent-Appellant. (And a Second Third-Party Action.) [706 NYS2d 412] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 29, 1999, which, to the extent appealed from, granted plaintiffs' motion for partial summary judgment upon their Labor Law § 240 (1) claim, denied defendant's and first third-party defendant's respective cross motions to the extent such cross motions sought summary judgment dismissing the complaint, and denied third-party plaintiff's cross motion to the extent such cross motion sought summary judgment on the first third-party complaint, unanimously affirmed, without costs.

Defendant owner's liability under section 240 (1) was established as a matter of law by the uncontradicted evidence that plaintiff, while working on the rewiring of defendant's building, was knocked off his ladder and caused to fall when a length of the heavy cable he had fitted into a crown box sprang back from the box and struck him. The ladder plaintiff used was manifestly inadequate to protect him from this foreseeable and inherent elevation-related risk of the work in which he was engaged, and the motion court therefore correctly granted plaintiff summary judgment as to liability (*see, Arce v 1133 Bldg. Corp.*, 257 AD2d 515, 515-516; *Guillory v Nautilus Real*

*Estate*, 208 AD2d 336, *appeal dismissed and lv denied* 86 NY2d 881).

We affirm the denial of summary judgment to the owner on its first third-party complaint against plaintiff's employer, an electrical contractor, solely on the ground that, as noted in our affirmance of the order entered November 3, 1999 in this action (271 AD2d 317 [decided herewith]), the applicability of the antisubrogation rule, which may preclude such third-party action, cannot be determined at this juncture. We note, however, that, in the event the antisubrogation rule is ultimately determined not to apply, the owner will be entitled to summary judgment on its third-party complaint seeking indemnification from the contractor, since the contractor has not adduced any evidence that the owner exercised any supervision or control over the manner in which the contractor's employees performed their work (*see, e.g., Guillory v Nautilus Real Estate*, 208 AD2d, *supra*, at 338-339), and, contrary to the view of the motion court, the design of the room in which the incident occurred did not constitute, as a matter of law, a proximate cause of plaintiff's injuries, since the room's design did not prevent plaintiff from being provided with the means to perform his task safely. Concur—Williams, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.