■ Thomas Spaulding et al., Plaintiffs, v Metropolitan Life Insurance Company, Defendant and Third-Party Plaintiff-Respondent. Fred Geller Electrical, Inc., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [706 NYS2d 639] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about November 3, 1999, which, to the extent appealed from as limited by the brief, denied first third-party defendant's motion for summary judgment dismissing the first third-party complaint, unanimously affirmed, without costs.

We find, contrary to the view of the motion court, that, under the circumstances, third-party defendant Fred Geller Electrical, Inc. (Geller) demonstrated good cause to move for summary judgment dismissing the third-party complaint, based on the asserted applicability of the antisubrogation rule, more than 120 days after the filing of the note of issue (*see,* CPLR 3212 [a]). However, we affirm the denial of Geller's motion, without prejudice to renewal on remand, on the ground that the applicability of the rule cannot be determined on the present record. We do not have before us a copy of the relevant insurance policy, and therefore there is no basis for us to determine whether the insurer defending and indemnifying

the third-party plaintiff herein is seeking to recover "against its own insured [Geller] for a claim arising from the very risk for which the insured was covered" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294, citing *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468). Concur— Williams J. P., Ellerin, Lerner, Andrias and Friedman, JJ.