■ CARMELO DEJESUS et al., Plaintiffs, v TYREE ORGANIZATION et al., Defendants. M & J INC., Third-Party Plaintiff-Respondent, v MOBIL OIL CORPORATION, Third-Party Defendant-Appellant. [759 NYS2d 449] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered September 13, 2001, which, in an action by a laborer for personal injuries against the lessee of premises undergoing restoration and the general contractor of the restoration, inter alia, denied third-party defendant premises owner's motion for summary judgment dismissing the lessee's third-party complaint or for a severance of the third-party action, unanimously modified, on the facts, to sever the third-party action, and otherwise affirmed, without costs.

The lessee impleaded the owner after plaintiff's cause of action against the owner was dismissed as time-barred. Insofar as pertinent, the lease between the owner and the lessee required the lessee to indemnify the owner for various specified liabilities unless such resulted from the owner's sole negligence, and to obtain liability insurance listing the owner as an additional insured. The owner's motion to dismiss the third-party action as barred by the antisubrogation rule was denied by the motion court on the ground that an issue of fact exists as to whether the owner's negligence was the sole cause of plaintiff's injuries. On appeal, the owner argues that the lease provision relieving the lessee of any obligation to indemnify the owner for liability resulting from the owner's sole negligence had no effect on the lessee's obligation to obtain insurance naming the owner as an additional insured, and that the issue of fact defined by the motion court is therefore immaterial to the applicability of the antisubrogation rule. We disagree. The lease did not require the lessee to obtain insurance covering losses caused solely by the owner's negligence, the precise contingency alleged in the lessee's third-party complaint against the owner. Accordingly, the nonparty insurer defending the lessee is not seeking to recover against the owner for a claim arising from the very risk for which the lessee agreed to obtain insurance (*cf. North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]).

Nevertheless, without a copy of the policy in the record, there

is no way of knowing whether, notwithstanding the above lease provision, the policy in fact covered the owner for its own negligence (see *Spaulding v Metropolitan Life Ins. Co.*, 271 AD2d 317, 318 [2000], quoting *North Star* at 294). If, as the owner asserts, the reason it has not been able to obtain a copy of the policy is because of the lessee's disclosure violations, its remedy is to seek the policy from the insurer (*cf. Wright v McCann & Son*, 216 AD2d 73 [1995]). The lessee's failure to disclose in this action should not create coverage where none would otherwise exist. We also note that the antisubrogation rule does not bar the lessee from seeking indemnification for the damages that plaintiff seeks in excess of the policy limits (see *ELRAC, Inc. v Ward*, 96 NY2d 58, 78 [2001]).

We modify to sever the third-party action to avoid prejudice to plaintiff, whose trial should not be delayed because of a coverage dispute, and to the owner, which successfully moved to dismiss plaintiff's action as against it but now needs to pursue the nonparty insurer in order to defend against the indemnity claim.

We have considered and rejected the parties' other arguments for affirmative relief. Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ. [Vacated 307 AD2d __ (2003).]