■ PAUL BRITEZ, Respondent, v MADISON PARK OWNER, LLC, et al., Respondent, and NATIONAL INTERIORS CONTRACTING, INC., Appellant, et al., Defendant. (And Third-Party Actions.) [966 NYS2d 7]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 10, 2012, which, insofar as appealed from as limited by the briefs, denied defendant National Interiors Contracting, Inc.'s (National) motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims as against it, and granted defendants Madison Park Owner, LLC, G Builders IV, LLC, and Walter & Samuels, Inc.'s cross motion for summary judgment on their contractual indemnification claim against National, unanimously affirmed, without costs.

Plaintiff sustained injuries when he fell off a baker's scaffolding while working in a building owned by Madison Park and managed by Walter & Samuels. Walter & Samuels, as Madison Park's agent, retained G Builders as the construction manager

on a project to convert certain floors of the office building to luxury condominium units. G Builders entered into a subcontract with National for the drywall and carpentry work. National subcontracted part of its work to Citywide Interiors Contractors, Inc., which in turn subcontracted the taping and spackling work to plaintiff's employer, Pecci Construction LLC.

The Purchase Order between G Builders and National delegated "all DRYWALL, CARPENTRY AND CEILING scope of work" to National, which thus "obtain[ed] the concomitant authority to supervise and control that work" and became G Builders' statutory agent under Labor Law §§ 240 (1) and 241 (6) (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). Further demonstrating National's supervisory authority are the Purchase Order's requirement that National submit to G Builders "a listing of all proposed onsite supervision and associated management" and National's subcontracting of a portion of its work to another subcontractor (*see Tuccillo v Bovis Lend Lease, Inc.*, 101 AD3d 625 [1st Dept 2012]; *Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 193 [1st Dept 2011]; *Weber v Baccarat, Inc.*, 70 AD3d 487 [1st Dept 2010]).

The indemnification clause in the Master Agreement between G Builders and National requires National to indemnify G Builders, Madison Park and their agents against "claims . . . arising out of or resulting from the performance of the Work . . . provided such claim . . . is caused in whole or in part by any act or omission of [National], anyone directly or indirectly employed by [National], or anyone for whose acts any of them may be liable." The accident arose out of the performance of National's work and National's failure to provide an adequate safety device in conformance with the Labor Law (*see Simone v Liebherr Cranes, Inc.*, 90 AD3d 1019 [2d Dept 2011]). It also arose out of the failure of Pecci, a party in National's employ, to provide an adequate safety device (*see Lipari v AT Spring, LLC*, 92 AD3d 502, 504-505 [1st Dept 2012]; *Tapia v Mario Genovesi & Sons, Inc.*, 72 AD3d 800, 802 [2d Dept 2010]).

National argues that G Builder's negligence precludes contractual indemnification. However, the motion court dismissed plaintiff's common-law negligence and Labor Law § 200 claims against G Builders (*see Kittelstad v Losco Group, Inc.*, 92 AD3d 612, 613 [1st Dept 2012]), and in any event, nothing in the record shows that G Builders supervised or controlled the activity that gave rise to the injury so as to render it liable (*see Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]; *see also Sosa v 46th St. Dev. LLC*, 101 AD3d

490, 493 [1st Dept 2012]). Contrary to National's contention, managing agent Walters & Samuels qualifies as an indemnitee under the indemnification clause. Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.