Order, Supreme Court, New York County (Debra A. James, J.), entered March 18, 2016, which denied the motion of defendant Petrocelli Electric Co., Inc. (Petrocelli) for summary judgment dismissing the complaint and all common-law cross claims and counterclaims as against it, unanimously modified, on the law, and the motion granted to the extent of dismissing plaintiffs’ Labor Law § 240 (1) claim as against Petrocelli, and otherwise affirmed, without costs.
 

 While the testimony of defendant Weill Cornell Medical College’s construction safety manager that Petrocelli was working on the B-3 level at the time of plaintiff’s accident may have been hearsay, he further testified that Petrocelli, along with another electrical contractor, remained on the job site around the time of plaintiff’s accident, raising issues of fact as to whether it left the job site by the time of plaintiff’s accident. Furthermore, to the extent Petrocelli remained on the job site and the dangerous condition arose from work delegated to it, which it was in a position to control, it was an agent of the owner and/or general contractor subject to liability under Labor Law § 241 (6) (Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 192-194 [1st Dept 2011]; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]).
 

 Plaintiffs concede that no viable Labor Law § 240 (1) exists, and, thus, Supreme Court’s order is modified accordingly.
 

 Concur — Sweeny, J.P., Renwick, Kapnick, Kern and Moulton, JJ.