Higgins v TST 375 Hudson, L.L.C. (2020 NY Slip Op 00358)





Higgins v TST 375 Hudson, L.L.C.


2020 NY Slip Op 00358


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10797A 10797 43057/14E 43112/14E 43202/15E 43102/16E

[*1] Edward Higgins, Plaintiff-Respondent,
v
TST 375 Hudson, L.L.C., et al., Defendants-Respondents-Appellants, ADCO Electrical Corp., Defendant-Appellant-Respondent.
Americon Construction Inc., Third-Party Plaintiff,
v
EMCOR Services of New York/New Jersey Inc., Third-Party Defendant, ADCO Electrical Corp., Third-Party Defendant-Appellant-Respondent.
EMCOR Services New York/New Jersey Inc., Second Third-Party Plaintiff-Respondent-Appellant,
v
OMC, Inc., et al., Second Third-Party Defendants-Appellants-Respondents.
Americon Construction Inc., Third Third-Party Plaintiff-Respondent-Appellant,
v
OMC, Inc., et al., Third Third-Party Defendants-Appellants-Respondents.
TST 375 Hudson, L.L.C., et al., Fourth Third-Party Plaintiffs-Respondents-Appellants.
v
OMC, Inc., et al., Fourth Third-Party Defendants-Appellants-Respondents.
ADCO Electrical Corp., Fifth Third-Party Plaintiff-Appellant-Respondent,
[*2]
v
OMC, Inc., et al., Fifth Third-Party Defendants-Appellants-Respondents.


Perry, Van Etten, Rozanski & Primavera, LLP, New York (Geoffrey H. Pforr of counsel), for ADCO Electrical Corp., appellant-respondent.
Russo & Toner, LLP, New York (Josh H. Kardisch of counsel), for OMC, Inc. and OMC Sheet Metal, Inc., appellants-respondents.
Dillon Horowitz & Goldstein LLP, New York (Michael M. Horowitz of counsel), for Edward Higgins, respondent.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for TST 375 Hudson, L.L.C., and TST 375 Hudson Corp. respondents-appellants.
Kaufman Dolowich Voluck, LLP, Woodbury (Jonathan B. Isaacson of counsel), for Americon Construction, Inc., respondent-appellant.
London Fisher LLP, New York (Brian A. Kalman of counsel), for EMCOR Services New York/New Jersey, Inc., respondent-appellant.



Order, Supreme Court, Bronx County (Lizbeth González, J.), entered July 24, 2018, which, insofar as appealed from, granted plaintiff's motion for summary judgment on his Labor Law § 240(1) claim as against defendants TST 375 Hudson, L.L.C. and TST 375 Hudson Corp. (Hudson), EMCOR Services of New York/New Jersey Inc., and Americon Construction, Inc., denied without consideration defendant ADCO Electrical Corp.'s motion for summary judgment dismissing the Labor Law § 241(6) claim as against it, and implicitly denied Hudson's and EMCOR's motions for summary judgment dismissing all cross claims and counterclaims against them for common-law indemnification and contribution, unanimously modified, on the law, to deny plaintiff's motion, grant EMCOR's and Hudson's motions, and deny ADCO's motion on the merits, and otherwise affirmed, without costs. Order, same court and Justice, entered November 29, 2018, upon reargument, to the extent it granted plaintiff's motion for summary judgment on his Labor Law § 241(6) claim against ADCO, granted conditionally Americon's motion for summary judgment on its contractual indemnification claim against ADCO, granted conditionally EMCOR's motion for summary judgment on its contractual indemnification claims against second, third, fourth and fifth third-party defendants OMC, Inc. and OMC Sheet Metal, Inc. (together, OMC) and unconditionally its motion for summary judgment on its contractual indemnification claim against ADCO, and granted Americon's motion for conditional summary judgment on its claim for contractual indemnification against OMC, unanimously modified, on the law, to grant EMCOR's motion for summary judgment on its contractual indemnification claim against OMC unconditionally to the extent not barred by the anti-subrogation rule, and deny EMCOR's and Americon's motions for summary judgment on their contractual indemnification and conditional contractual indemnification claims against ADCO and OMC, respectively, and, appeal therefrom, insofar as it adhered to the original determination, dismissed, without costs, as academic, and, insofar as it denied reargument, dismissed, without costs, as taken from a nonappealable order.
Plaintiff seeks damages for personal injuries he sustained in a fall from a ladder while installing duct work on a building renovation project after either he received a shock or an arc fault occurred when he came into contact with a live electrical junction box. Summary judgment in plaintiff's favor as to liability on his Labor Law § 240(1) claim is precluded by an issue of fact as to whether the ladder, which was properly set up, provided plaintiff with proper protection [*3](see Nazario v 222 Broadway, LLC, 28 NY3d 1054 [2016]; plaintiff had no problem with the ladder prior to the electric shock and questions of fact exist whether a scaffold could have prevented this accident. Plaintiff is entitled to summary judgment on his Labor Law § 241(6) claim predicated on violations of Industrial Code (12 NYCRR) § 23-1.13(b)(2), (3) and (4) against ADCO, the electrical subcontractor, which failed to warn of and de-energize or "safe off" the junction box so that a worker would not come into contact with it. Because ADCO had been delegated authority to control the electrical work that gave rise to plaintiff's injury, it was a statutory agent subject to liability under the statute (see Schaefer v Tishman Constr. Corp., 153 AD3d 1169, 1170 [1st Dept 2017]; Martinez v Tambe Elec., Inc., 70 AD3d 1376, 1377 [4th Dept 2010]).
ADCO contends that the junction box was outside the scope of its work at the time of the accident. This contention is based on the assertion by its director of safety, in an affidavit in opposition to plaintiff's motion and in support of ADCO's motion, that ADCO had not yet been instructed to prepare the area for work by other trades. However, the assertion is insufficient to defeat summary judgment, because it has no support in the record and, further, presents a feigned factual issue insofar as it conflicts with the deposition testimony of ADCO's foreman that, upon discovering the live junction box the day before the accident, ADCO "secured it up into the ceiling so it wasn't a hazard to anybody working in the area" (see e.g. Garcia-Martinez v City of New York, 68 AD3d 428, 429 [1st Dept 2009]). In addition, ADCO's foreman acknowledged that ADCO had strung the temporary lighting on the project, which it is uncontroverted was present in the area of the accident. Nor does an issue of fact exist as to plaintiff's comparative negligence, because the record establishes that, even if he moved the junction box, all power except for temporary lights was to be de-energized in his work area, and the presence of temporary lights indicated that the area had otherwise been de-energized.
The indemnification provision in ADCO's subcontract, which requires ADCO to indemnify Americon, the general contractor, for claims or damages resulting from injuries arising out of ADCO's operations "[t]o the fullest extent permitted by law," contemplates indemnification only to the extent Americon is not negligent. Therefore, the provision is not void under General Obligations Law § 5-322.1 (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 [2008]). Moreover, Americon is entitled to conditional summary judgment on its contractual indemnification claim against ADCO, even if an issue of fact exists as to its negligence (Rainer v Gray-Line Dev. Co., LLC, 117 AD3d 634, 636 [1st Dept 2014]). However, because Americon's negligence, if any, has not yet been determined, the motion court correctly granted it conditional summary judgment on the claim (id.).
All common-law indemnification and contribution claims against EMCOR, the HVAC subcontractor, and Hudson, the owner, must be dismissed, because EMCOR and Hudson are free from negligence. Moreover, because EMCOR is free from negligence, it is entitled to unconditional contractual indemnification from OMC, plaintiff's employer (see Rainer, 117 AD3d at 635-636), to the extent not barred by the anti-subrogation rule. Although the indemnification provision in the sub-subcontract between them does not limit EMCOR's right to indemnification where it is partially negligent, the provision is not void under General Obligations Law § 3-522.1 to the extent EMCOR is not negligent (Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 [1st Dept 2011]).
EMCOR is not entitled to contractual indemnification from ADCO. There is no contract between them, and EMCOR was not named in ADCO's subcontract as a party that ADCO was required to indemnify.
Americon is not entitled to contractual indemnification from OMC. As the indemnification provision in its favor in its subcontract with EMCOR does not relate to the scope, quality, character or manner of the work, it is not incorporated into the EMCOR-OMC sub-subcontract (see Naupari v Murray, 163 AD3d 401, 402 [1st Dept 2018]; cf. e.g. Frank v 1100 Ave. of the Ams. Assoc., 159 AD3d 537 [where subcontract contained indemnification provision in favor of "Owner" without clearly identifying "Owner," identity was determined by reference to prime contract incorporated into subcontract]).
We have considered the parties' remaining arguments for affirmative relief and find them [*4]unavailing, where not academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK