Erby v 36 LLC (2021 NY Slip Op 02065)





Erby v 36 LLC


2021 NY Slip Op 02065


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Index No. 161985/15 Appeal No. 13490 Case No. 2020-04169 

[*1]Baron Erby, Plaintiff-Appellant,
v
36 LLC et al., Defendants-Respondents.


William Schwitzer & Associates, P.C., New York (D. Allen Zachary of counsel), for appellant.
Bartlett LLP, Central Islip (David C. Zegarelli of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about May 14, 2020, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff testified that he was standing on the fourth rung of an A-frame ladder, which he had set up on a solid and clean part of the floor and had been using without incident, directly under an air-conditioning unit, while attempting to follow his foreman's instructions by connecting a "canvas" device to air-conditioning duct work, when the air-conditioning unit fell onto his head, causing him to fall off the ladder onto the floor. The air-conditioning unit had recently been installed by plaintiff's employer as part of its work on the project and was not part of the pre-existing building structure as it appeared before the project began. The air-conditioning unit was mounted a few inches below the approximately 12-foot ceiling by four rods. Plaintiff testified that two of those rods detached from the concrete ceiling, causing one end of the unit to drop, while the other end of the unit remained attached to the ceiling by two bent rods.
There is an issue of fact as to whether the air-conditioning unit constituted a falling object that was required to be secured for the purposes of the undertaking (see Gonzalez v Paramount Group, Inc., 157 AD3d 427 [1st Dept 2018]; compare Narducci v Manhasset Bay Assoc., 96 NY2d 259 [2001], and Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663-664 [2014]).
Moreover, issues of fact exist as to whether the ladder provided adequate protection to plaintiff under Labor Law § 240(1), or whether he should have been provided with a different safety device such as a scaffold with safety railings to prevent him from falling (see e.g. Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 510 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021