Herrero v 2146 Nostrand Ave. Assoc., LLC (2021 NY Slip Op 02071)





Herrero v 2146 Nostrand Ave. Assoc., LLC


2021 NY Slip Op 02071


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Manzanet-Daniels, J.P., Kern, González, Shulman, JJ. 


Index No. 153673/15, 595519/15, 595804/15, 595391/17 Appeal No. 13500 Case No. 2020-01218 

[*1]Edgardo Herrero, Plaintiff-Respondent,
v
2146 Nostrand Avenue Associates, LLC, et al., Defendants-Appellants-Respondents, Shawmut Woodworking & Supply, Inc., Defendant-Respondent-Appellant.
Shawmut Woodworking & Supply, Inc., Third-Party Plaintiff-Respondent -Appellant,
v
J.D. Consulting, LLC Doing Business as Donaldson Traditional Interiors Third-Party Defendant-Respondent.
2146 Nostrand Avenue Associates, LLC, et al., Second Third-Party Plaintiffs-Appellants-Respondents,
v
Nostrand Enterprises, LLC Doing Business as Dallas BBQ, Second Third-Party Defendant-Appellant.
Shawmut Woodworking & Supply, Inc., Third Third-Party Plaintiff-Respondent-Appellant,
v
Trison, Inc., Third Third-Party Defendant-Respondent.


Nicoletti Hornig & Sweeney, New York (Steven F. Smith of counsel), for appellants-respondents/appellant.
Law Office of Victor J. Natale, Melville (Dominic Zafonte of counsel), for respondent-appellant.
Law Office of Neil R. Finkston, Great Neck (Neil R. Finkston of counsel), for Edgardo Herrero, respondent.
Bartlett LLP, Central Islip (David C. Zegarelli of counsel), for J.D. Consulting, LLC, respondent.
Weiner, Millo, Morgan & Bonanno, LLC, New York (Bryan D. Lipsky of counsel), for Trison, Inc., respondent.



Order, Supreme Court, New York County (Paul A Goetz, J.), entered January 3, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, denied defendants 2146 Nostrand Avenue Associates, LLC (2146 Nostrand), ACHS Management Corp., 49th Broadway, LLC d/b/a Dallas BBQ, and Nostrand Enterprises, LLC d/b/a Dallas BBQ's (Nostrand Enterprises) (collectively, the Nostrand Defendants) motion for summary judgment dismissing the complaint and all cross claims, counterclaims, and third-party claims against them and on their contractual indemnification claims against third-party defendant (JD Consulting), defendant Shawmut Woodworking & Supply, Inc., and third third-party defendant (Trison), and denied Shawmut's cross motion for summary judgment dismissing the complaint as against it and on its claim for contractual indemnification against JD Consulting, unanimously modified, on the law, to grant the Nostrand Defendants' motion for summary judgment dismissing the complaint as against 49th Broadway and the Labor Law § 200 and common-law negligence claims and all cross claims, counterclaims, and third-party claims against the remaining Nostrand Defendants, and for unconditional summary judgment on their contractual indemnification claim against JD Consulting and on Nostrand Enterprises' contractual indemnification claim against Shawmut, and to grant Shawmut conditional summary judgment on its contractual indemnification claim against JD Consulting, and otherwise affirmed, without costs.
Plaintiff was injured when the platform of a baker's scaffold fell through its framework, causing him to fall four feet to the ground. He was using an unidentified contractor's scaffold, instead of one made readily available by his employer, JD Consulting. To date, no one has admitted to ownership of the scaffold.
The court properly granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, as the record demonstrates, contrary to defendants' contention, that plaintiff was not the sole proximate cause of his accident. While plaintiff decided to use the scaffold of an unknown contractor, instead of one provided by his employer, JD Consulting, that he knew was readily available, there is no evidence that he "knew he was expected to use" only JD Consulting's scaffolds (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]; see also Gallagher v New York Post, 14 NY3d 83, 88 [2010]).
In view of the foregoing, defendants' arguments in support of dismissing the Labor Law § 241(6) claim are academic (see Cronin v New York City Tr. Auth., 143 AD3d 419 [1st Dept 2016]). However, their arguments about the Labor Law § 200 and common-law negligence claims are not academic, because they are relevant to the indemnification issues on appeal (DaSilva v Everest Scaffolding, Inc., 136 AD3d 423, 424 [1st Dept 2016]).
Liability under Labor Law § [*2]200 in this case may arise from either the "means and methods" of plaintiff's work or a dangerous condition on the site or both (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). While plaintiff's use of a scaffold belonging not to JD Consulting but to another contractor relates to the means and methods of his work, which JD Consulting had authority to remedy, the presence of a defective scaffold onsite that is usable constitutes a dangerous condition that the property owner and general contractor may have authority to remedy (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 51-52 [2d Dept 2011]; Chowdhury v Rodriguez, 57 AD3d 121, 122-123, 129-130 [2d Dept 2008]; see also Jaycoxe v VNO Bruckner Plaza, LLC, 146 AD3d 411 [1st Dept 2017]).
On appeal, plaintiff argues only that ACHS, the property manager, and Shawmut, the general contractor, are liable under Labor Law § 200 and in common-law negligence. ACHS cannot be held liable under either the means and methods or the dangerous condition theory of liability, because the record demonstrates that it neither had authority to control plaintiff's work nor created or had notice of the dangerous condition (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Shawmut cannot be held liable under the means and methods theory, because it had only general supervisory authority over the construction site, which is insufficient to demonstrate control over plaintiff's work (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., 104 AD3d 446, 449 [1st Dept 2013]; Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476, 477-478 [1st Dept 2011]). However, an issue of fact exists as to Shawmut's liability under the dangerous condition theory, as it had authority to control site safety, including the safety of the equipment on site, and a factual issue exists as to whether it had actual or constructive notice of the dangerous condition and could have remedied the condition. Shawmut's representatives testified that Shawmut had general safety standards that applied to all projects and subcontractors. Although they testified that Shawmut's subcontractors were responsible for inspecting their own scaffolds, they also testified that Shawmut performed visual inspections to make sure the equipment appeared safe. In addition, Shawmut's superintendent was onsite daily, performed daily walkthroughs to look for safety hazards, and had the authority to remove any unsafe equipment from the floor. Moreover, the superintendent said that the lack of a factory platform on a scaffold was discoverable upon visual inspection.
The record demonstrates that the Nostrand Defendants are free from active negligence, and there is no proof of any contracts that impose obligations on them. Thus, all cross claims, counterclaims, and third-party claims against them for contribution/common-law indemnification, contractual indemnification, and breach of contract must be dismissed. As it [*3]undisputed that 49th Broadway is the corporate name of another Dallas BBQ restaurant, and had nothing to do with subject construction project, all claims must be dismissed as against it.
Because issues of fact exist as to its negligence, Shawmut is entitled to conditional summary judgment on its contractual indemnification claim against JD Consulting (Antoniak v P.S. Marcato El. Co., Inc., 144 AD3d 407 [1st Dept 2016]; Auliano v 145 E. 15th St. Tenants Corp., 129 AD3d 469 [1st Dept 2015]). To the extent JD Consulting invokes General Obligations Law § 5-322.1, it is unavailing; the indemnification clause contains the "to the fullest extent" savings language (see Ramirez v Almah, LLC, 169 AD3d 508 [1st Dept 2019]; Williams v City of New York, 74 AD3d 479, 480 [1st Dept 2010]).
Because they are free from active negligence, the Nostrand Defendants are entitled to unconditional summary judgment on their contractual indemnification claim against JD Consulting under the Shawmut/JD Consulting subcontract (Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 463-464 [1st Dept 2014]; Britez v Madison Park Owner, LLC, 106 AD3d 531, 532-533 [1st Dept 2013]).
Only Nostrand Enterprises is entitled to summary judgment on the contractual indemnification claim against Shawmut, because it is the only one of the Nostrand Defendants that is an indemnitee under its general contract with Shawmut. Nostrand Enterprises is unconditionally entitled to contractual indemnification to the extent not barred by the anti-subrogation rule (Higgins v TST 375 Hudson, LLC, 179 AD3d 508, 511 [2020]; see DeJesus v Tyree Org., 307 AD2d 897, 898-899 [1st Dept 2003]).
Although they are free from active negligence, the Nostrand Defendants are not entitled to conditional summary judgment on their contractual indemnification claim against Trison, because the indemnification clause in the Shawmut/Trison Site Access Agreement has not been triggered, and any claim that Trison owned the ladder is speculative.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021