Sande v Trinity Ctr. LLC (2022 NY Slip Op 03701)

Sande v Trinity Ctr. LLC

2022 NY Slip Op 03701

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Index No. 150208/14 Appeal No. 16092 Case No. 2021-04510, 2022-00039 

[*1]Thomas Sande et al., Plaintiffs-Respondents,
v
Trinity Centre LLC et al., Defendants-Respondents.
Trinity Centre LLC et al., Plaintiffs-Respondents,
v
A.C. Electric of New York, Inc., Defendant-Appellant.

The Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for appellant.
Law Office of Eric D. Feldman, New York (Evy Kazansky of counsel), for respondents.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about June 4, 2021, which, to the extent appealed from, denied third-party defendant A.C. Electric of New York, Inc.'s motion for summary judgment dismissing defendants/third-party plaintiffs Tricon Construction LLC and Jos A. Bank Clothiers, Inc.'s contractual indemnification claim against it, unanimously affirmed, without costs.
General Obligations Law § 5-322.1 permits "a partially negligent general contractor to seek contractual indemnification from its subcontractor so long as the indemnification provision does not purport to indemnify the general contractor for its own negligence" (Brooks v Judlau Contr., Inc., 11 NY3d 204, 207 [2008]). Contrary to defendants' contention that nothing in the indemnification clause in the subcontract between Tricon and A.C. Electric "purports to shift responsibility for the conduct of the defendants to the subcontractor," the clause broadly required indemnification for claims or losses related to A.C. Electric's work without any savings language that may be construed as contemplating indemnification only for damages not caused by Jos A. Bank's or Tricon's negligence (see id. at 208-209). Nevertheless, where, as here, an indemnification provision calls for full indemnification without any such savings language, the provision is still valid and enforceable if the indemnitee is not negligent (Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 [1st Dept 2011]). Because there has been no finding as to whether or not Jos A. Bank or Tricon was negligent, A.C. Electric is not entitled to dismissal of their contractual indemnification claim (Higgins, 179 AD3d at 511; Auriemma, 82 AD3d at 12). We decline defendants' request to search the record and grant Jos A. Bank summary judgment on the contractual indemnification claim, and note that defendant Trinity Centre LLC's contractual indemnification claim has been dismissed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022