| |
|---|
| **Aguirre v 635 Madison Fee Prop. Owner LLC** |
| 2024 NY Slip Op 33393(U) |
| September 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151111/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. MARY V. ROSADO** | **PART** | **33M** |
| | _Justice_ | | |

-------------------------------------------------------------------X

JEAN AGUIRRE,

Plaintiff,

- v -

635 MADISON FEE PROPERTY OWNER LLC,TECTONIC
BUILDERS INC.,BRONXDALE ELECTRIC
INC.,IRONWOOD REALTY CORPORATION, RICHEMONT
NORTH AMERICA, INC.,MONTBLANC,

Defendant.

-------------------------------------------------------------------X

RICHEMONT NORTH AMERICA, INC. and MONTBLANC

Plaintiffs,

- v —

TECTONIC BUILDERS INC.

Defendant.

-------------------------------------------------------------------X

TECTONIC BUILDERS INC.

Plaintiff,

- v -

PRACTICAL PLUMBING AND HEATING INC.

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151111/2021 |
| **MOTION DATE** | 08/31/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 154132/2021

Second Third-Party
Index No. 595529/2021

The following e-filed documents, listed by NYSCEF document number (Motion 002) 108, 109, 110, 111,
112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132,
133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 244,
254, 255, 256, 257, 258, 259, 260, 270, 271, 272, 273, 274, 275, 276, 292, 293, 294, 295, 296, 297, 298,
308

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, Defendants 635 Madison Fee Property Owner LLC ("635 Madison"), Ironwood Realty Corporation ("Ironwood"), Richemont North America, Inc. ("Richemont"), and Montblanc's (collectively "Movants") motion seek summary judgment dismissing Plaintiff's Complaint is denied as moot.[1] Movants' request for summary judgment on their contractual indemnification claim against Tectonic Builders, Inc. ("Tectonic") and Practical Plumbing and Heating Inc. ("Practical") is granted. Movants' request for summary judgment on their claims for common law indemnification against Bronxdale Electric Inc. is denied as moot.[2] Movants' request for spoliation sanctions against Tectonic is denied.

## I.      Background

For a more thorough recitation of the facts, the reader is referred to the Court's Decision and Order on Motion Sequence 003. For purposes of this motion, the Movants seek contractual indemnification and common law indemnification from Tectonic, and Practical. Movants also seek spoliation sanctions against Tectonic.

Movants argue they are entitled to contractual indemnification from Tectonic because their negligence is purely vicarious in nature, arising solely from a statutory violation. Movants cite to the indemnification provision in the contract executed between Montblanc and Tectonic in support of their motion. Movants also argue they are entitled to common law indemnification against Practical as Plaintiff's injury was not caused by any negligence on Movants' part, but rather as a result of Practical's failure to supervise and to direct Plaintiff. They further seek discovery sanctions against Tectonic due to Tectonic's destruction of the ladder involved in Plaintiff's

---

[1] The reader is referred to this Court's Decision and Order on Motion Sequence 003, where Plaintiff was granted summary judgment on his Labor Law § 240(1) claim.

[2] The reader is referred to this Court's Decision and Order on Motion Sequence 005, where all claims against Bronxdale were dismissed. For the sake of brevity, the Court omits Movants' request for relief against Plaintiff and Bronxdale from this Decision and Order.

accident. They seek a wide range of sanctions ranging from striking Tectonic's Answer, to a finding of liability against Tectonic, or requesting an adverse inference charge against Tectonic at the time of trial.

Tectonic opposes and argues that indemnification should be sought against Practical, not Tectonic. Tectonic argues that Practical was the negligent party, not Tectonic. Further, Tectonic argues that spoliation sanctions are inappropriate as the destruction of the ladder occurred out of safety concerns and not to destroy willfully evidence. Moreover, Tectonic asserts that the parties' ability to prove their claims or defenses were not fatally compromised by the destruction of the ladder. Practical in turn opposes and points the finger at Tectonic. Practical argues there can be no common law indemnification against it because there is no evidence that Practical was negligent.

In reply, Movants argue that the New York City Department of Buildings has already found that Tectonic failed to maintain safe operations. Therefore, they argue Tectonic's argument that it was not negligent and therefore indemnification claims against it must fail is without merit. Movants also rejected Practical's late opposition.

## II.    Discussion

## A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce

evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Where a party is only vicariously liable and is otherwise free of negligence, that party is entitled to unconditional contractual indemnification (*Herrero v 2146 Nostrand Avenue Associates, LLC*, 193 AD3d 421 [1st Dept 2021]; *Higgins v TST 375 Hudson, LLC*, 179 AD3d 508, 511 [1st Dept 2020]).

### B. Indemnification from Tectonic

The Movants are granted contractual indemnification from Tectonic. Tectonic agreed to:

> "indemnify, defend, and hold harmless the Owner, Landlord, and their respective
> agents, affiliates and employees from and against any and all claims…arising out
> of or resulting from: (i) performance of the Work, but only to the extent caused by
> the negligent acts, omissions or willful misconduct of [Tectonic], a Subcontractor,
> any directly or indirectly employed by them or anyone for whose acts they may be
> liable…".

The "Owner" is defined as Montblanc and Richemont. The landlord, pursuant to the sublease agreement, is Ironwood Realty Corporation (NYSCEF Doc. 136). 635 Madison, which owns the land upon which the leased building sits, can be considered an affiliate or the Owner(s) and Landlord. Further, it is undisputed that Plaintiff was injured while performing plumbing work on behalf of Tectonic's subcontractor, Practical. The indemnification clause is broad in that it requires indemnification for the negligent acts of both Tectonic and its subcontractors. Therefore, Tectonic's argument that it was not negligent, only Practical, does not preclude trigger of the indemnification clause. In any event, the New York City Department of Buildings found that Tectonic failed to maintain a safe work environment. Moreover, it is undisputed that Tectonic's Subcontractor instructed Plaintiff to climb an unsecured ladder which ultimately collapsed and caused him to fall. Therefore, Plaintiff was injured as a result of Tectonic and Practical's negligence.

Further, the undisputed evidence shows that Movants are free from any active negligence aside from statutory liability. The undisputed testimony of Gene Younace establishes that the Movants performed no construction work at the worksite; had no role supervising the worksite; did not select any subcontractors or supply equipment, and delegated responsibility for safety and instruction to Tectonic (NYSCEF Doc. 138). Thus, the Movants are entitled to contractual indemnification from Tectonic (*Higgins v TST 375 Hudson, LLC*, 179 AD3d 508 [1st Dept 2020]; *Britez v Madison Park Owner, LLC*, 106 AD3d 531 [1st Dept 2013]).

## C. Indemnification from Practical

The Movants' motion seeking common law indemnification from Practical is denied. Practical is Plaintiff's employer and is therefore protected from third-party claims for contribution or indemnity unless the employee suffered a grave injury (*Rubeis v Aqua Club Inc.*, 3 NY3d 408 [2004]). While Plaintiff does allege a traumatic brain injury, which may give rise to a grave injury for purposes of circumventing the Workers' Compensation Law, the Court of Appeals has found that a brain injury only constitutes a "grave injury" if it results in "permanent total disability" (*id.*). This means the evidence must establish that the worker is no longer employable in any capacity. There has been no vocational expert testimony provided in support of Movants' application and therefore triable issues of fact remain as to whether Plaintiff is no longer employable as a result of his brain injury. Therefore, summary judgment on Movants' common law indemnification claims against Practical is denied.

However, Movants are entitled to their asserted claim for contractual indemnification against Practical. The agreement between Practical and Tectonic states that Practical:

> "shall indemnify and hold harmless the owner and contractor, and agents and employees of any of them from and against claims, damages, losses and expenses....arising out of or resulting from performance of the Work under this Subcontract, provided that such claim, damage, loss or expense is attributable to

bodily injury, sickness, disease or death…but only to the extent caused in whole or in part by negligent acts or omissions of the Subcontractor."

The indemnification clause at issue is clear that an owner is entitled to indemnification. 635 Madison owns the land on which the premises is located, and the unconverted deposition testimony is that Ironwood owns the building (NYSCEF Doc. 146 at 17:2-8). Thus, 635 Madison and Ironwood may be considered "owners" under the applicable indemnification clause. Moreover, the AIA agreement defines Montblanc, a division of Richemont North America, Inc. as the "Owner" and Tectonic as the "Contractor." (NYSCEF Doc. 319). The indemnification clause in the subcontract is a product of the AIA agreement executed between Montblanc and Tectonic. Therefore, Montblanc and Richemont, which are defined as "Owners" in the AIA agreement, are also covered by the Practical's indemnification clause.

Further, it is undisputed that Plaintiff was, at least in part, injured as a result of Practical's negligence. Despite Practical being aware of the site safety regulations stating that any unsecured step ladder required an individual to hold the ladder while another laborer ascended it, Practical's witness testified he did not think he had to hold the ladder for Plaintiff. Specifically, Plaintiff's supervisor testified that he did not believe the task he gave Plaintiff was a two-person job and admitted that he walked away as Plaintiff began to ascend the ladder (*see* NYSCEF Doc. 177 at 202:2-11 ["that's embarrassing to ask for help as a mechanic for a pipe that already has its supports up there"]). Plaintiff's supervisor likewise testified he was only fifteen feet away from Plaintiff at the time of his accident and that rather than assisting Plaintiff he was speaking with Mr. Latona, the supervisor from Tectonic. Meanwhile, the undisputed evidence shows that the Movants had no involvement at the worksite aside from owning or leasing the property where the accident occurred. Therefore, the Movants are also entitled to contractual indemnification from Practical.

Because there remain issues of fact as to the allocation of negligence between Practical and Tectonic, the grant of contractual indemnification against these two parties is conditional upon allocation of negligence between Practical and Tectonic (*see, e.g. Lemache v Elk Manhasset LLC,* 222 AD3d 591, 593 [1st Dept 2023]; *Locke v URS Architecture & Engineering – New York, P.C.,* 202 AD3d 505 [1st Dept 2022]; *Roddy v Nederlander Producing Co. of America, Inc.,* 44 AD3d 556 [1st Dept 2007]). Because the apportionment of negligence has yet to be determined, the apportionment of responsibility for Movants' attorneys' fees and defenses costs is denied without prejudice as premature, with leave to renew upon a finding and apportionment of negligence amongst Practical and Tectonic.

**D. Spoliation Sanctions**

Because Movants are granted conditional summary judgment on their claims for contractual indemnification against Tectonic, their request for spoliation sanctions in the form of an adverse inference charge or precluding Tectonic from contesting liability is moot. While Movants also seek striking Tectonic's Answer, that is the most extreme spoliation sanction and while the Court in no way condones Tectonic's destruction of the ladder, given the multiple witnesses who were deposed and Movants' success on their motion, the destruction of the ladder was not so prejudicial to warrant striking a pleading.

Accordingly, it is hereby,

ORDERED that 635 Madison Fee Property Owner LLC, Ironwood Realty Corporation, Richemont North America, Inc., and Montblanc's motion seeking summary judgment on their contractual indemnification claims against Tectonic Builders, Inc. ("Tectonic") and Practical Plumbing and Heating Inc. ("Practical") is granted conditionally subject to an apportionment of fault between Tectonic and Practical; and it is further

ORDERED 635 Madison Fee Property Owner LLC, Ironwood Realty Corporation, Richemont North America, Inc., and Montblanc's motion seeking spoliation sanctions against Tectonic is denied; and it is further

ORDERED 635 Madison Fee Property Owner LLC, Ironwood Realty Corporation, Richemont North America, Inc., and Montblanc's motion seeking dismissal of Plaintiff's Complaint is denied as moot pursuant to this Court's Decision and Order on Motion Sequence 003; and it is further

ORDERED 635 Madison Fee Property Owner LLC, Ironwood Realty Corporation, Richemont North America, Inc., and Montblanc's motion seeking common law indemnification from Bronxdale Electric Inc. is denied as moot pursuant to this Court's Decision and Order on Motion Sequence 005; and it is further

ORDERED that within ten days of entry, counsel for Movants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/26/2024 | | | | *My V Rosa JSC* | | |
|---|---|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE | |